UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER ARMSTRONG,

                        Plaintiff,

      -v-                              1:06-CV-1049-DNH

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

ERWIN, MCCANE & DALY           THOMAS C. ERWIN, ESQ.
Attorneys for Plaintiff
23 Elk Street
Albany, New York 12207

OFFICE OF REGIONAL GENERAL COUNSEL    GINA SHIN, ESQ.
SOCIAL SECURITY ADMINISTRATION
REGION II
Attorneys for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Jennifer Armstrong ("plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3) to review a final determination of the Commissioner of Social Security denying plaintiff's claim for Title II Disability Insurance Benefits ("benefits"). The parties have filed their briefs, including the Administrative Record on Appeal (cited to as "R."), and the matter has been submitted for decision without oral argument.

## II. **BACKGROUND**

Plaintiff filed her application for benefits on March 26, 2002 alleging she was disabled as defined within the Social Security Act since August 1, 1999.  Plaintiff contended she suffered from various physical and mental conditions, including leg pain, back pain, fibromyalgia, mild carpal tunnel syndrome, and stress.  Following the Social Security Administration's initial denial of her application, plaintiff made a timely request for a hearing before an Administrative Law Judge ("ALJ").  Hearings were held on November 20, 2003 and February 11, 2004.  After hearing testimony from various witnesses, including plaintiff herself and a vocational expert, the ALJ issued an unfavorable decision on March 5, 2004 based upon his determination that plaintiff was not disabled as defined within the Social Security Act.  In particular, the ALJ concluded that plaintiff was capable of performing the work described by the vocational expert and that jobs consisting of such work existed in significant numbers within the national economy.

On March 5, 2004, plaintiff filed a timely request for the Appeals Council to review the ALJ's decision.  Plaintiff's request for review was denied on July 13, 2006, thereby making the ALJ's decision the final decision of the Commissioner of Social Security.

## III. **SOCIAL SECURITY DISABILITY CLAIM DECISIONS**

### A. **Standard of Review of a Final Decision**

The scope of a court's review of the Commissioner's final decision is limited to determinating whether the decision is supported by substantial evidence and the correct legal standards were applied.  Poupore v. Astrue, 566 F.3d 303, (2d Cir. 2009) (per curiam) (citing Machadia v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002)); Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)).

"Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  <u>Poupore</u>, 566 F.3d at 305 (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  <u>Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988) (citing <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488, 715 S. Ct. 456, 464 (1951)).  If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  <u>Id</u>.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. <u>Martone</u>, 70 F. Supp. 2d at 148 (citing <u>Johnson</u>, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); see <u>Martone</u>, 70 F. Supp. 2d at 148.  "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available.  42 U.S.C. § 405(g); <u>Martone</u>, 70 F. Supp. 2d at 148 (citing <u>Parker v. Harris</u>, 626 F.2d 225, 235 (2d Cir. 1980)).  A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that there is new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing.  <u>Carroll v. Sec'y of</u>

Health and Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)).  Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing."  Id. at 644.  However, where the underlying administrative decision is not supported by substantial evidence, reversal is appropriate because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits); Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

### B.  The Five Step Evaluation Process

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The ALJ must follow a five step evaluative process in determining whether an individual is disabled.  See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must

determine whether the claimant is engaging in substantial gainful activity.  If the claimant is engaging in substantial gainful activity, he is not disabled and is not entitled to benefits.  Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment constitutes an impairment as listed in Appendix 1 of the regulations.  Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1.  If so, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); see also 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant's residual functional capacity ("RFC") precludes the performance of his or her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  A treating physician's opinion is afforded significant weight so long as it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  Poupore, 566 F.3d at 307 (quoting 20 C.F.R. § 404.1527(d)(2)).  However, where the treating physician's opinion is not supported by medical evidence, it is not entitled to significant weight.  Id.  The burden of proof with regard to the first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and final step.  Perez, 77 F.3d at 46.  This step requires the agency to examine whether the claimant can do any type of work.  Id. §§ 404.1520(g), 416.920(g).  The regulations provide that "factors such as a claimant's age, education, and previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary."  Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity."  Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council.  Perez, 77 F.3d at 44.  If review is granted, the decision of the Appeals Council is the final decision of the Commissioner.  Id.  If, as with plaintiff's claim, review is denied, the final decision is that of the ALJ.  Id.  The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

## IV.  DISCUSSION

Plaintiff challenges the ALJ's decision on two separate grounds.  First, plaintiff contends the ALJ improperly discredited her subjective accounts of disabling pain and daily physical limitations.  Second, plaintiff argues there is no substantial evidence to support the ALJ's determination that she is not disabled as defined within the Social Security Act.  Plaintiff requests that the ALJ's decision be reversed, or alternatively, that her claim be remanded to the Social Security Administration for further factual findings regarding the severity of her disability.

### A. The ALJ's Credibility Determination

In consideration of a claimant's subjective accounts of how her level of pain affects her ability to work, an ALJ will evaluate the claimant's statements in relation to the objective medical evidence. 20 C.F.R. § 404.1529(c)(4).  In particular, an ALJ must look for "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence, including [the claimant's] history, the signs and laboratory findings, and statements by [the claimant's] treating or nontreating source . . . ." Id.

Here, the ALJ did not definitively discredit plaintiff's subjective accounts of pain and her inability to perform work.  To the contrary, the ALJ explained that, "*considering her subjective complaints in a most favorable light*, no reason is found why she would be precluded from performing the work described by the vocational expert, and there are jobs that exist in significant numbers that she could perform." (R. 24 (emphasis added).)  The ALJ therefore determined that plaintiff was not disabled because she was capable of performing the light work described by the vocational expert irrespective of her subjective complaints.

Even assuming for the purposes of plaintiff's argument that the ALJ discredited her subjective accounts of pain, the ALJ highlighted the lack of objective medical findings to support her complaints. (See R. 23.)  The ALJ noted the lack of rheumatological evaluations that would otherwise diagnose fibromyalgia and weighed plaintiff's admissions that she was able to perform daily activities, including shopping for groceries, preparing meals, peeling vegetables, vacuuming her floor, doing laundry, and changing the beds in her home, against her assertion that she could not perform light work.  (Id.)  Therefore, at the very least,

plaintiff's own account of her daily activities undermines her contention that she is unable "to perform substantial gainful activity at even a sedentary level." (Pl's. Br., Dkt. No. 7, 14.)

Most importantly, the ALJ considered opinions from multiple physicians indicating that there were no objective medical findings to account for plaintiff's subjective symptoms. For example, Dr. Edwin Mohler examined plaintiff on September 8, 1999 and opined that there were no medical findings to support her subjective statements of pain. (R. 139-40.)  Dr. Gowdara Murthy examined plaintiff on April 27, 2002 and concluded that x-rays of her back and knee did not provide a medical basis for her accounts of pain. (Id. at 196.)  Dr. Murthy also concluded that plaintiff fell outside the criteria for fibromyalgia. (Id. at 197.)  Plaintiff's failure to cite any exhibits which would constitute objective medical findings subverts her argument that her subjective statements regarding her physical limitations are supported by medical evidence. (See Pl's. Br., Dkt. No. 7, 13-15).  Dr. Debra Zimring's medical opinion that plaintiff suffered from fibromyalgia is equally unpersuasive because she does not discuss any objective medical findings or treatment administered to plaintiff. (See R. 341.)  The ALJ was well within his discretion to resolve the evidentiary conflict presented by Dr. Zimring's opinion, see Aponte v. Sec., Dep't of Health and Human Servs. of U.S., 728 F.2d 588, 591 (2d Cir. 1984) (citation omitted), and his decision to discredit plaintiff's subjective accounts of pain was supported by substantial evidence in light of the lack of objective medical findings consistent with her statements.

### B. Substantial Evidence Showing Plaintiff is "Not Disabled"

At the first step of the analysis for whether plaintiff was entitled to benefits, the ALJ determined that plaintiff has not engaged in substantial gainful activity since August 1, 1999. (R. 24.)  The ALJ next concluded that plaintiff suffers from mild carpal tunnel syndrome and

generalized body aches but that her conditions do not amount to an impairment or combination of impairments listed in Appendix 1 of the regulations.

Plaintiff now challenges the ALJ's determination at steps four and five of the benefits analysis.  In consideration of the fourth step, the ALJ found

> that she has the residual functional capacity to perform the physical exertion requirements of work except for lifting and carrying more than 20 pounds occasionally or 10 pounds frequently.  She can sit, stand or walk for six hours each an [sic] eight-hour day but must be able to change position as needed. She can occasionally but not frequently used [sic] her dominant right hand for repetitive activities and must be able to raise her feet when needed.

(Id.)  The ALJ also noted that plaintiff's residual capacity is limited by "her need to change position as needed and her inability to use her right hand for frequent, repetitive activities."
(Id.)

With respect to step five, the ALJ asked the vocational expert whether a hypothetical person with plaintiff's work limitations could perform any jobs that exist in significant numbers in the national and regional job markets. (R. 408-09.)  In response, the vocational expert indicated a hypothetical person of plaintiff's capabilities could work as a surveillance system monitor and that labor statistics included 188,450 positions nationwide and 672 positions within plaintiff's region. (Id. at 409.)  Based upon this testimony, the ALJ concluded that there are a significant number of jobs in the national economy which plaintiff is capable of performing. (Id. at 25.)

Plaintiff contends the ALJ's determination is not supported by substantial evidence because the vocational expert was never presented with her alleged non-exertional impairments.  In particular, plaintiff contends she has difficulty concentrating and dealing with others because of stress and a lack of sleep due to pain.  In consideration of how non-

exertional impairments may affect a claimant's residual functional capacity, an ALJ will evaluate the claimant's ability:  ". . .  to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting . . . ." 20 C.F.R. § 404.1545(c).  Additionally, an impairment will not be considered "severe" so long as "it does not significantly limit [a claimant's] physical or mental ability to do basic work activities.  Id. § 404.1521(a).  Absent a severe impairment or combination of severe impairments which significantly limit plaintiff's basic work activities, she must be considered "not disabled." See id. § § 404.520(c).

Here, the ALJ considered plaintiff's psychiatric evaluation for whether her non-exertional impairments may have affected her ability to perform light work. (R. 21.)  At most, Dr. Annette Payne concluded plaintiff's ability to pay attention and concentrate was "mildly impaired," and in any event, she stated plaintiff was coherent, had good memory skills, could follow directions and instructions, could perform both simple and complex tasks, and could learn new activities. (Id. at 200-01.)  Once again, plaintiff argues she suffers from severe impairments but does not cite to a single exhibit which would constitute objective medical evidence of a severe mental condition. (See Pl's. Br., Dkt. No. 7, 15-17.) Therefore, the ALJ's determination that plaintiff does not have a severe mental impairment was supported by substantial evidence.

Alternatively, plaintiff argues the ALJ failed to consider several other physical limitations.  At the February 11, 2004 hearing, plaintiff's counsel asked the vocational expert whether plaintiff would be unable to work as a surveillance system monitor because of her physical limitations, including her abrupt need for breaks in order to lie down, excessive

absenteeism due to her fibromyalgia, and her need to take walks to relieve pain. (R. 410-14.) Notwithstanding the vocational expert's concession that such physical limitations would impair a hypothetical employee's ability to perform the job of surveillance system monitor, the ALJ found that the extent of the hypothetical limitations posed by plaintiff's counsel to the vocational expert is not supported by the objective medical evidence.  The ALJ's decision is supported by substantial evidence for the same reasons already discussed and therefore plaintiff is not disabled.

## V. <u>CONCLUSION</u>

The ALJ's credibility determination as to plaintiff's subjective accounts of pain is supported by substantial evidence because the objective medical findings indicate plaintiff does not suffer from a severe physical impairment.  Additionally, even after considering plaintiff's subjective accounts in the most favorable light, the ALJ nevertheless determined that plaintiff was capable of performing light work so long as she could occasionally re-position herself as needed and was not required to repeatedly use her right hand.  Finally, substantial evidence supports the ALJ's determination that work exists in the national economy of which plaintiff is capable of performing, thereby rendering plaintiff not disabled.

Accordingly, it is

ORDERED that the determination of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 4, 2009
         Utica, New York